UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ASCENTIUM CAPITAL LLC, a Delaware limited liability company, | ) ) ) ) | Case No.: 23-cv-1597 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | COMPLAINT |
| IMMEDIATE TRANSPORT SYSTEMS INC., a New York corporation, and IVELISSE CARABALLO, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Ascentium Capital LLC, by and through its undersigned attorneys, and for its Complaint against Immediate Transport Systems Inc. and Ivelisse Caraballo states as follows:

**PARTIES**

1. Plaintiff Ascentium Capital LLC ("Ascentium") is a Delaware limited liability company whose sole member is RF Ascentium, LLC. RF Ascentium, LLC is a Delaware limited liability company whose sole member is Regions Bank, an Alabama banking corporation having its principal place of business in Birmingham, Alabama. Thus, Ascentium is a citizen of the state of Alabama for purposes of diversity jurisdiction.

2. Defendant Immediate Transport Systems Inc. ("Immediate Transport Systems") is a New York corporation with its principal place of business at 580

1

Academy Street #45, New York, New York 10034. Thus, Immediate Transport Systems is a citizen of the state of New York for purposes of diversity jurisdiction.

3. Defendant Ivelisse Caraballo ("Caraballo") is the President of Defendant Immediate Transport Systems and a citizen of New York residing in New York, New York. Thus, Caraballo is a citizen of New York for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, and there is diversity of citizenship between Ascentium and both Defendants.

5. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims set forth herein occurred in this District, the principal place of business of Defendant Immediate Transport Systems is within this District, and upon information and belief, Defendant Caraballo resides in the District.

## FACTUAL ALLEGATIONS

### EFA 2593706

6. On or about April 6, 2021, Immediate Transport Systems entered into Equipment Finance Agreement ("EFA") No. 2593706 with Ascentium in order to finance the purchase by Immediate Transport Systems of items of personal property, specifically: (1) a 2019 Take 3 5 Car (VIN #1T9FS483XMB540048) and (2) a 2021 Take 3 48XTUL (VIN #1T9AS4826MB540016) (the "EFA 2593706 Collateral"). A copy of EFA 2593706 is attached as **Exhibit A** and incorporated by reference herein.

2

7. Pursuant to the terms of EFA 2593706, Immediate Transport Systems granted Ascentium a security interest in the EFA 2593706 Collateral.

8. Immediate Transport Systems agreed in EFA 2593706 to pay Ascentium $94,459.20 by way of 60 monthly payments, each in the amount of $1,574.32.

9. Upon any default, Immediate Transport Systems agreed that Ascentium may, among other options, "take possession of the [EFA 2593706] Collateral" and "require [Immediate Transport Systems] to deliver it to [Ascentium] at [Immediate Transport Systems'] expense to a location designated by [Ascentium]" and/or "declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by [Ascentium]." Exhibit A.

10. Under the Guaranty section of EFA 2593706, Caraballo unconditionally guaranteed to Ascentium the payment and performance when due of all obligations of Immediate Transport Systems under EFA 2593706 (the "EFA 2593706 Guaranty"). *See* Exhibit A ("You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtors under this EFA and all related documents executed by the Debtor[.]").

11. Ascentium performed all the conditions required to be performed by it under EFA 2593706, but Immediate Transport Systems defaulted under EFA 2593706 by failing to make payments owed thereunder as and when due. Specifically, Immediate Transport Systems failed to make payments due from July 25, 2022 and each month thereafter, which was a default under EFA 2593706.

3

12. By letter dated January 24, 2023 (the "Demand Letter"), Ascentium notified Immediate Transport Systems and Caraballo of the default and resulting acceleration of obligations under EFA 2593706. A true and correct copy of the Demand Letter is attached as **Exhibit B** and incorporated by reference herein.

13. In the Demand Letter, Ascentium demanded payment of the $68,186.73 balance remaining owed under EFA 2593706, plus accruing interest and charges, from Defendants pursuant to EFA 2593706 and the EFA 2593706 Guaranty, respectively.

14. Ascentium also demanded that Immediate Transport Systems (i) "[c]ease taking any action to sell, use, assign or dispose of the [EFA 2593706] Collateral," (ii) "[i]mmediately deliver to Ascentium any proceeds of the [EFA 2593706] Collateral" including any proceeds on deposit at a financial institution, and (iii) "[a]ssemble and surrender the [EFA 2593706] Collateral to Ascentium at a time and place acceptable to Ascentium." Exhibit A.

15. Despite Ascentium's demand for payment from Defendants and for surrender of the EFA 2593706 Collateral and its proceeds, Defendants have failed and refused, and continue to fail and refuse, to pay the amounts owed under EFA 2593706 or surrender the EFA 2593706 Collateral and any proceeds.

16. As of January 24, 2023, the following amounts were due and owing to Ascentium from Immediate Transport Systems and Caraballo under EFA 2593706 (with accruing interest and charges, the "EFA 2593706 Indebtedness"):

a. Past due monthly payments in the amount of $9,445.92;

    b.    Late charges in the amount of $314.86; and

    c.    Future accelerated monthly payments (discounted per EFA 2593706 using a present value discount rate of 3%) in the total amount of $58,425.95.

17.    Pursuant to "Default and Remedies" section of EFA 2593706, Immediate Transport Systems agreed to pay Ascentium's attorneys' fees and actual costs incurred by Ascentium in enforcing its rights under EFA 2593706. *See* Exhibit A. Such costs include:

    a.    Fees, costs, and expenses incurred by Ascentium in enforcing EFA 2593706; and

    b.    Costs and reasonable attorneys' fees, in an amount according to proof, including amounts paid to Maynard, Cooper & Gale, P.C. for instituting and prosecuting this action.

### EFA 2619237

18.    On or about August 3, 2021, Immediate Transport Systems entered into EFA No. 2619237 with Ascentium in order to finance the purchase by Immediate Transport Systems of items of personal property, specifically: (1) a 2021 Texas Pride CA84727KGN (VIN #7HCGC4536MB024801) and (2) a 2021 Take 3 48XTUL (VIN #1T9AS4825MB540136) (the "EFA 2619237 Collateral"). A copy of EFA 2619237 is attached as **Exhibit C** and incorporated by reference herein.

19.    Pursuant to the terms of EFA 2619237, Immediate Transport Systems granted Ascentium a security interest in the EFA 2619237 Collateral.

20. Immediate Transport Systems agreed in EFA 2619237 to pay Ascentium $76,770 by way of 60 monthly payments, each in the amount of $1,279.50.

21. Upon any default, Immediate Transport Systems agreed that Ascentium may, among other options, "take possession of the [EFA 2619237**]** Collateral" and "require [Immediate Transport Systems] to deliver it to [Ascentium] at [Immediate Transport Systems'] expense to a location designated by [Ascentium]" and/or "declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by [Ascentium]."  Exhibit C.

22. Under the Guaranty section of EFA 2619237, Caraballo unconditionally guaranteed to Ascentium the payment and performance when due of all obligations of Immediate Transport Systems under EFA 2619237 (the "EFA 2619237 Guaranty"). *See* Exhibit C ("You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtors under this EFA and all related documents executed by the Debtor[.]").

23. Ascentium performed all the conditions required to be performed by it under EFA 2619237, but Immediate Transport Systems defaulted under EFA 2619237 by failing to make payments owed thereunder as and when due. Specifically, Immediate Transport Systems failed to make payments due from July 25, 2022 and each month thereafter, which was a default under EFA 2619237.

24. In the Demand Letter, Ascentium notified Immediate Transport Systems and Caraballo of the default and resulting acceleration of obligations under EFA 2619237. *See* Exhibit B.

25. In the Demand Letter, Ascentium demanded payment of the $60,031.39 balance remaining owed under EFA 2619237, plus accruing interest and charges, from Defendants pursuant to EFA 2619237 and the EFA 2619237 Guaranty, respectively.

26. Ascentium also demanded that Immediate Transport Systems (i) "[c]ease taking any action to sell, use, assign or dispose of the [EFA 2619237] Collateral," (ii) "[i]mmediately deliver to Ascentium any proceeds of the [EFA 2619237] Collateral" including any proceeds on deposit at a financial institution, and (iii) "[a]ssemble and surrender the [EFA 2619237] Collateral to Ascentium at a time and place acceptable to Ascentium."  Exhibit C.

27. Despite Ascentium's demand for payment from Defendants and for surrender of the EFA 2619237 Collateral and its proceeds, Defendants have failed and refused, and continue to fail and refuse, to pay the amounts owed under EFA 2619237 or surrender the EFA 2619237 Collateral and any proceeds.

28. As of January 24, 2023, the following amounts were due and owing to Ascentium from Immediate Transport Systems and Caraballo under EFA 2619237 (with accruing interest and charges, the "EFA 2619237 Indebtedness"):

   a. Past due monthly payments in the amount of $7,677.00;

   b. Late charges in the amount of $255.90; and

   c. Future accelerated monthly payments (discounted per EFA 2619237 using a present value discount rate of 3%) in the total amount of $52,098.49.

29. Pursuant to "Default and Remedies" section of EFA 2619237, Immediate Transport Systems agreed to pay Ascentium's attorneys' fees and actual costs incurred by Ascentium in enforcing its rights under EFA 2619237. *See* Exhibit C. Such costs include:

   a. Fees, costs, and expenses incurred by Ascentium in enforcing EFA 2619237; and

   b. Costs and reasonable attorneys' fees, in an amount according to proof, including amounts paid to Maynard, Cooper & Gale, P.C. for instituting and prosecuting this action.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT
### (AGAINST IMMEDIATE TRANSPORT SYSTEMS; EFA 2593706)

30. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

31. EFA 2593706 is a contract between Ascentium and Immediate Transport Systems.

32. Immediate Transport Systems agreed to make payments to Ascentium in EFA 2593706.

33. Immediate Transport Systems breached EFA 2593706 by failing to make those payments.

34. Default has occurred in the repayment by Immediate Transport Systems, the maturity of which has been accelerated, and the full amount of the EFA 2593706 Indebtedness is accordingly due and payable immediately.

35. In the Demand Letter, Ascentium made demand for payment of $68,186.73, plus accruing interest and charges, for the EFA 2593706 Indebtedness.

36. Despite such written demand, Immediate Transport Systems has failed to pay Ascentium the EFA 2593706 Indebtedness in accordance with its obligations under EFA 2593706.

37. Immediate Transport Systems is in default in the performance of, and has breached, its contractual obligations under EFA 2593706.

**WHEREFORE**, Ascentium demands judgment against Immediate Transport Systems for the EFA 2593706 Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

### COUNT II – BREACH OF CONTRACT
### (AGAINST IMMEDIATE TRANSPORT SYSTEMS; EFA 2619237)

38. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

39. EFA 2619237 is a contract between Ascentium and Immediate Transport Systems.

40. Immediate Transport Systems agreed to make payments to Ascentium in EFA 2619237.

41. Immediate Transport Systems breached EFA 2619237 by failing to make those payments.

42. Default has occurred in the repayment by Immediate Transport Systems, the maturity of which has been accelerated, and the full amount of the EFA 2619237 Indebtedness is accordingly due and payable immediately.

43. In the Demand Letter, Ascentium made demand for payment of $60,031.39, plus accruing interest and charges, for the EFA 2619237 Indebtedness.

44. Despite such written demand, Immediate Transport Systems has failed to pay Ascentium the EFA 2619237 Indebtedness in accordance with its obligations under EFA 2619237.

45. Immediate Transport Systems is in default in the performance of, and has breached, its contractual obligations under the EFA 2619237.

**WHEREFORE**, Ascentium demands judgment against Immediate Transport Systems for the EFA 2619237 Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

### COUNT III – BREACH OF CONTRACT
### (AGAINST CARABALLO; EFA 2593706)

46. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

47. The EFA 2593706 Guaranty is a contract between Ascentium and Caraballo.

48. Caraballo agreed in the EFA 2593706 Guaranty to be unconditionally liable for, and to pay and perform when due, all obligations under EFA 2593706.

49. Caraballo breached the EFA 2593706 Guaranty by failing to make payments pursuant to EFA 2593706.

50. Default has occurred in the repayment by Immediate Transport Systems, the maturity of which has been accelerated, and the full amount of the EFA 2593706 Indebtedness is accordingly due and payable immediately.

51. In the Demand Letter, Ascentium made demand for payment of $68,186.73, plus accruing interest and charges.

52. Despite such written demand, Caraballo has failed to pay Ascentium the full amount of the EFA 2593706 Indebtedness in accordance with her obligations under the EFA 2593706 Guaranty.

53. Caraballo is in default in the performance of, and has breached, her contractual obligations under the EFA 2593706 Guaranty.

**WHEREFORE**, Ascentium demands judgment against Caraballo for the EFA 2593706 Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

### COUNT IV – BREACH OF CONTRACT
### (AGAINST CARABALLO; EFA 2619237)

54. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

55. The EFA 2619237 Guaranty is a contract between Ascentium and Caraballo.

56. Caraballo agreed in the EFA 2619237 Guaranty to be unconditionally liable for, and to pay and perform when due, all obligations under EFA 2619237.

11

57. Caraballo breached the EFA 2619237 Guaranty by failing to make payments pursuant to EFA 2619237.

58. Default has occurred in the repayment by Immediate Transport Systems, the maturity of which has been accelerated, and the full amount of the EFA 2619237 Indebtedness is accordingly due and payable immediately.

59. In the Demand Letter, Ascentium made demand for payment of $60,031.39, plus accruing interest and charges.

60. Despite such written demand, Caraballo has failed to pay Ascentium the full amount of the EFA 2619237 Indebtedness in accordance with her obligations under the EFA 2619237 Guaranty.

61. Caraballo is in default in the performance of, and has breached, her contractual obligations under the EFA 2619237 Guaranty.

**WHEREFORE**, Ascentium demands judgment against Caraballo for the EFA 2619237 Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

### COUNT V – ACCOUNT STATED
### (AGAINST ALL DEFENDANTS)

62. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

63. Ascentium and Defendants entered into EFA 2593707 and EFA 2619237 whereby Immediate Transport Systems, as the debtor, and Ascentium, as the creditor, agreed to certain provisions regarding the financing by Immediate Transport Systems of the EFA 2593707 Collateral and the EFA 2619237 Collateral.

64. Immediate Transport Systems agreed to make payments to Ascentium in EFA 2593707 and EFA 2619237, and under the EFA 2593707 Guaranty and the EFA 2619237 Guaranty, Caraballo agreed to be unconditionally liable for such payments.

65. The Defendants breached EFA 2593707 and EFA 2619237 by failing to make the required payments.

66. By the Demand Letter, Ascentium notified Immediate Transport Systems and Caraballo of the default and resulting acceleration of obligations under EFA 2593706 and EFA 2619237.

67. Upon information and belief, Defendants received the Demand Letter.

68. Defendants have had an opportunity to review the Demand Letter and raise any objections regarding the accuracy of the information contained therein, including, among other things, the amount stated as due.

69. Neither Defendant has ever objected to the amounts set forth in the Demand Letter.

70. Despite demand, Defendants have failed to pay the total amount due as set forth in the Demand Letter. Defendants, jointly and severally, owe said amount to Ascentium on account stated.

**WHEREFORE**, Ascentium demands judgment against Immediate Transport Systems and Caraballo for the EFA 2593706 Indebtedness and the EFA 2619237 Indebtedness, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT VI – REPLEVIN
### (AGAINST ALL DEFENDANTS; EFA 2593706)

71. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

72. Pursuant to the terms of EFA 2593706, Immediate Transport Systems granted Ascentium a security interest in the EFA 2593706 Collateral.

73. Caraballo agreed in the EFA 2593706 Guaranty to be unconditionally liable for performance of all obligations of Immediate Transport Systems under EFA 2593706.

74. Under EFA 2593706, in the event of default, Immediate Transport Systems agreed that Ascentium may "take possession of the [EFA 2593706] Collateral" and "require [Immediate Transport Systems] to deliver it to [Ascentium] at [Immediate Transport Systems'] expense to a location designated by [Ascentium]."

75. By the Demand Letter, Ascentium notified Defendants of the default and demanded surrender of the EFA 2593706 Collateral and its proceeds.

76. Defendants have failed to surrender the EFA 2593706 Collateral and any proceeds to Ascentium.

77. Upon information and belief, Defendants remain in possession of the EFA 2593706 Collateral.

**WHEREFORE**, Ascentium demands return of the EFA 2593706 Collateral, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

## COUNT VII – REPLEVIN
## (AGAINST ALL DEFENDANTS; EFA 2619237)

78. Ascentium adopts and incorporates all preceding paragraphs as if fully set forth herein.

79. Pursuant to the terms of EFA 2619237, Immediate Transport Systems granted Ascentium a security interest in the EFA 2619237 Collateral.

80. Caraballo agreed in the EFA 2619237 Guaranty to be unconditionally liable for performance of all obligations of Immediate Transport Systems under EFA 2619237.

81. Under EFA 2619237, in the event of default, Immediate Transport Systems agreed that Ascentium may "take possession of the [EFA 2619237] Collateral" and "require [Immediate Transport Systems] to deliver it to [Ascentium] at [Immediate Transport Systems'] expense to a location designated by [Ascentium]."

82. By the Demand Letter, Ascentium notified Defendants of the default and demanded surrender of the EFA 2619237 Collateral and its proceeds.

83. Defendants have failed to surrender the EFA 2619237 Collateral and any proceeds to Ascentium.

84. Upon information and belief, Defendants remain in possession of the EFA 2619237 Collateral.

**WHEREFORE**, Ascentium demands return of the EFA 2619237 Collateral, as well as such other, further and different relief to which Ascentium may be entitled and is just and proper in this action.

15

## **PRAYER FOR RELIEF**

Wherefore, Ascentium prays that the Court enter judgment and relief as follows:

a. Awarding Ascentium $68,186.73, plus accruing interest and charges, for the EFA 2593706 Indebtedness;

b. Awarding Ascentium $60,031.39, plus accruing interest and charges, for the EFA 2619237 Indebtedness;

c. Return of the EFA 2593706 Collateral and any proceeds;

d. Return of the EFA 2619237 Collateral and any proceeds;

e. Awarding Plaintiff attorneys' fees, costs, and expenses incurred by Ascentium in enforcing EFA 2593706;

f. Awarding Plaintiff attorneys' fees, costs, and expenses incurred by Ascentium in enforcing EFA 2619237; and

g. Other, further, and different relief to which Ascentium may be entitled and is just and proper in this action.

Dated: February 27, 2023

*/s/ Margaret M. Siller*
Margaret M. Siller
MAYNARD COOPER & GALE, P.C.
1201 Villa Place, Suite 103
Nashville, TN 37212
T:  629.258.2253
F:  629.258.2251
msiller@maynardcooper.com

*Counsel for Ascentium Capital LLC*